# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALTON R. MARCUM,

    Plaintiff,

v.

MARYANN MARSH, CCS II, *et al.*,

    Defendants.

Case No. 2:07-cv-1245-LDG (RJJ)

**ORDER**

    The plaintiff, Alton Marcum, sues Thomson Equipment of Nevada, LLC, alleging federal claims for violating his due process, equal protection, and First Amendment rights and alleging a state law claim for wrongful termination or refusal to re-instate in violation of public policy.  Thomson moves to be dismissed from the complaint (#27), which motion Marcum has opposed (#35).

    The plaintiff has also moved for a preliminary injunction requiring Thomson to re-instate him to his prior position as an employee of Thompson, which motion Thomson has opposed (#29).

<u>Motion to Dismiss</u>

    In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true the material allegations of the complaint and

construes them in the light most favorable to the plaintiff. *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997). A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). For a defendant to succeed, it must appear to a certainty that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Jacobellis,* 120 F.3d at 172. Although allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), sweeping conclusory allegations do not suffice, *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Allegations of the Complaint

Though the complaint is extremely lengthy – 44 pages, and 42 counts against ten defendants – the allegations relevant to Thomson can be summarized as follows. Marcum is incarcerated at Southern Desert Correctional Center (SDCC). Private corporations, including Thomson, employ inmates in a separate area of SDCC identified as the "PI Work Area." Only those inmates who are both assigned to Level I housing (rather than Level II or III) and who have been issued a K/S Gate Pass have access to and can be employed by employers operating in the PI Work Area. Employers in the PI Work Area initiate the classification process pursuant to which a Level I inmate receives a K/S Gate Pass.

Prior to March 7, 2006, Marcum had a K/S Gate Pass and was employed by Thomson. On March 7, 2006, Marcum was placed into Administrative and Protective Segregation and his K/S Gate Pass was confiscated, preventing him from working for Thomson. Marcum was released from segregation in June 2006 and, although he was assigned to Level III housing, he informed Thomson (through other inmates) that he was ready to return to work. In July, Marcum personally asked Thomson's Shop Supervisor if he could return to work. SDCC did not assign Marcum to Level II housing until several

months after July 2007, and did not assign him to Level I housing until January 2007.[1]  In January, after confirming to Thomson that he intended to sue Thomson and had initiated the grievance and litigation process, Marcum again asked Thomson to re-instate him to work.  Thomson did not submit Marcum's name for reclassification.

Analysis

      Thomson argues that Marcum's federal claims against it must be dismissed because it is not a state actor, and that all of Marcum's claims must be dismissed for failing to state a claim.  "To make out a cause of action under § 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987).  The complaint must contain facts that make at least a facial showing that the defendant was acting under color of state law.  *See*, *generally*, *Dennis v. Sparks*, 449 U.S. 24 (1980).  "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).  The Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

      Marcum has alleged that Thomson is a private corporation.  Moreover, Marcum has not asserted any facts to show that Thomson was acting as an agent of the state.  At most, Marcum has alleged only that employers in SDCC's PI Work Area initiate the process to re-classify an inmate by filing a request that SDCC re-classify the inmate.  A private employer's decision to not file such a request is not state action.  Consequently, Marcum

---

[1] Marcum separately alleges that it generally takes an inmate six months to work through the system to Level I.

cannot sustain his federal claims against Thomson, as he has alleged facts establishing that Thomson is a private party that was not acting under color of law.

Marcum's state law claim for wrongful termination or failure to re-instate fares no better. Such a claim requires an allegation that Thomson violated a strong and compelling public policy when it either terminated Marcum while he was unable to access the PI work area, and thus could not work for Thomson, or did not reinstate Marcum after he was again eligible to work in the PI Work Area. Marcum has neither alleged, nor directed the court's attention to, any strong and compelling public policy that a private employer who employs an inmate cannot terminate an inmate employee who can no longer work for the employer, because the prison has revoked the inmate's privilege of accessing the work area. Similarly, Marcum fails to identify any public policy suggesting that a private employer must re-instate an inmate that it previously terminated because the prison revoked the inmate's privilege of accessing the work area.

As Marcum lacks any viable action against Thompson, his motion for a preliminary injunction requiring Thompson to re-instate him to his former employment must be denied as moot.

THE COURT **ORDERS** that Thomson Equipment of Nevada, LLC's Motion to Dismiss (#27) is GRANTED.

THE COURT FURTHER **ORDERS** that Alton Marcum's Motion for Preliminary Injunction (#25) is DENIED.

DATED this __31__ day of January, 2008.

_____
Lloyd D. George
United States District Judge

4